Alan B. Pearl (AP 2409)
Alan B. Pearl and Associates, Inc.
6800 Jericho Turnpike, Suite 218(E)
Syosset, New York 11791
(516) 921-6645
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SHERYL L. GREENBERG

               Plaintiff,

    - against -

RBC FINANCIAL GROUP, ROYAL BANK
OF CANADA and RBC CAPITAL MARKETS
CORPORATION,
and other entities administering a severance
plan for RBC Financial Group, Royal Bank of Canada,
and RBC Capital Markets Corporation known as John Doe,
Mary Roe, etc.
               Defendants.

--------------------------------------------------------X

**COMPLAINT AND**

**DEMAND FOR JURY TRIAL**

Case No. 05-CV- ( ) ( )

      Plaintiff, SHERYL L.GREENBERG, by her counsel Alan B. Pearl and Associates, Inc.,

as and for their complaint against the Defendants respectfully allege as follows:

## NATURE OF ACTION

1)  This is an action under the Employee Retirement Security Act ("ERISA") 29 U.S.C.

    §§1001-1461, by a participant or beneficiary of a specified benefit plan to enforce her

    rights and to recover benefits due under the plan.  29 U.S.C. §1132(a)(1)(B).  The plan in

question is a severance plan, which is considered a welfare plan under ERISA.  29 U.S.C.
§1002(1).

## JURISDICTION AND VENUE

2) Jurisdiction in this court is based upon federal question jurisdiction 28 U.S.C. §1331 and
ERISA §502(f), 29 U.S.C. §1132(f), which grants the district specific power to hear
claims brought by plan participants under ERISA.

3) Venue is appropriate in this action pursuant to § 502(e)(2) of ERISA, 29 U.S.C. §1132
(e)(2), in that this is the district where the plan is administered, where the breach took
place and where the defendants reside or may be found.

## PARTIES

4) Plaintiff, SHERYL L. GREENBERG,  ("MS. GREENBERG") resides at 45 Shellbark
Lane, Briarcliff Manor, New York 10510.

5) Defendants, RBC Financial Group, Royal Bank of Canada and RBC Capital Markets
Corporation, and other entities administering a severance plan for RBC Financial Group,
Royal Bank of Canada,  and RBC Capital Markets Corporation known as John Doe,
Mary Roe, etc.  (collectively "RBC')  upon information and belief are corporations
authorized to do business in New York and have offices within this judicial district.

6) Plaintiff was employed by RBC from July 11, 1988 through July 6, 2004.

7) As a former employee, she was a participant in RBC's severance pay plan entitled, "The
Severance Pay Plan for United States Subsidiaries and Affiliates of Royal Bank of

Canada" (hereinafter "RBC Plan")  and is entitled to bring this action.  29 U.S.C. §1002(7).

## **FACTS**

8)  MS. GREENBERG was hired by RBC or its predecessors on or around July 11, 1988 as an analyst for the Cable and Media Group located at 1 Financial Square, New York, NY 10005.

9)  MS. GREENBERG was continually employed  by RBC or its predecessors from July 11, 1988 until July 6, 2004.

10)  In November 2001 after many years of exemplary service and after various promotions, MS. GREENBERG became Director of Non-Core/Relative Value in the Global Credit Group of the Greenwich, Connecticut office located at 1 East Weaver Street, Greenwich, Connecticut.

11) As Director of Non-Core/Relative Value MS. GREENBERG initially had dual responsibilities for exposure reduction and risk mitigation of the Non-Core portfolio as well as credit investments and revenue generation in the building of the Relative Value portfolio.  As the Non-Core portfolio was reduced to targeted levels, by mid-2003 MS. GREENBERG's responsibilities focused entirely on building the relative value portfolio; identifying good value, good risk new deals in various credit instruments to generate revenue to meet a budget.  This position was market oriented and entirely public side. MS. GREENBERG remained in this relative value position through her termination on July 6, 2004.

12) In or around June 2004, MS. GREENBERG was notified by RBC that her position was being eliminated due to the fact there was no longer a business need for same.

13) In June 2004 MS. GREENBERG had multiple conversations with her supervisor and with the Senior Human Resources Manager about RBC's planned elimination of MS. GREENBERG's position and the fact that the RBC wanted to offer MS. GREENBERG an entirely new position reporting to two different divisions in a different location.   MS. GREENBERG, received extremely contradictory information from the Senior Human Resources Manager, her current supervisor and her proposed supervisor about whether or not MS.  GREENBERG would be able to work from home and have a flexible work arrangement in the new position.

14) When her position was eliminated in July 2004, MS. GREENBERG was offered the job of Director, Special Loans in the cost center area at RBC's USA headquarters at One Liberty Plaza, New York, NY 10006, in downtown Manhattan.

15) This position was further from MS. GREENBERG's residence than her previous job and involved commuting on the train for at least one and one-half hours as opposed to commuting for 25-30 minutes by car to work.

16) This position had significantly more responsibilities and duties than her previous job while at the same rate of pay and was severely limited in the location and the means by which the job could be performed.  Further, the bonus potential was unknown in the new position and there were little or no promotional opportunities.

17) MS. GREENBERG declined the offer for the new position of Director, Special Loans.

18) On or around July 6, 2004, MS. GREENBERG was notified that she was terminated from RBC.

19) MS. GREENBERG never resigned from her employment.

20) MS. GREENBERG was an exemplary employee of RBC for a period of approximately 16 years at the time of her termination.

21) During the period of MS. GREENBERG's employment and on the date of her termination, RBC had in existence a severance policy whereby terminated employees would receive *inter alia* two weeks of pay for every year of continuous employment.

22) Additionally, MS. GREENBERG received information and advice from the RBC Plan Administrator, Mr. Argyle Burke, who is also notably the Senior Human Resources Manager for RBC, that persons at the "Director" level, like Ms. GREENBERG, receive one month for every year of employment as a separation benefit.

23) The purpose of the RBC Plan was to provide severance payments and related benefits to employees of RBC whose employment is involuntarily terminated by RBC through no fault of their own.

24) On or around July 7, 2004, MS. GREENBERG through her attorneys made a claim for severance benefits under the RBC Plan.

25) The RBC Plan Administrator denied MS. GREENBERG severance benefits on October 6, 2004.

26) The RBC Plan has a discretionary provision, which allows RBC in its sole discretion to grant additional severance benefits in special individual cases.

27) On November 23, 2004, pursuant to the terms of the RBC Plan MS. GREENBERG requested an appeal or second review of the RBC Plan Administrator's decision.

28) Further, on January 27, 2005, according to the instructions of the RBC Plan Administrator, MS. GREENBERG requested information from the RBC Plan

Administrator and Senior Human Resources Manager, about the enforcement of the RBC Plan.

29) On February 22, 2005, RBC wrongfully, arbitrarily and capriciously denied MS. GREENBERG's request for a second review of her severance benefits as well as her request for information.

30) No information other than the RBC Plan document has been provided to MS. GREENBERG despite her written requests for same.

31) Upon information and belief, other male employees similarly situated to MS. GREENBERG were granted severance benefits under the RBC Plan.

32) Ms. GREENBERG exhausted the procedures outlined in the Claim Review Procedure of the RBC Plan and now initiates this lawsuit, having complied with the necessary administrative conditions.

## AS AND FOR A FIRST CAUSE OF ACTION

33) Plaintiff repeats and realleged the allegations contained in paragraphs "1" to "32" above.

34) Plaintiff is a participant or beneficiary within the meaning of ERISA §502(a)(1), 29 U.S.C. §1132(a)(1), 29 U.S.C. §1002(7).

35) Defendant wrongfully, and arbitrarily and capriciously denied Plaintiff severance benefits due her under the Defendant's severance pay plan.

36) Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) Plaintiff brings this action to enforce her rights and recover benefits due to her under the Defendant's severance pay plan, together with all statutory remedies, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION

37) Plaintiff repeats and realleged the allegations contained in paragraphs "1" to "36" above.

38) Plaintiff is a participant or beneficiary within the meaning of ERISA §502(a)(1), 29 U.S.C. §1132(a)(1), 29 U.S.C. §1002(7).

39) Defendant wrongfully and arbitrarily and capriciously denied Plaintiff 's request for information.

40) Pursuant to ERISA §502(a)(1)(A), 29 U.S.C. §1132(a)(1)(A) Plaintiff brings this action to enforce her rights.

41) Based on the Defendants' Plan Administrator's refusal to supply the requested information Plaintiff is entitled to the relief prescribed in ERISA §502(c)(1), 29 U.S.C. §1132(c)(1), together with all statutory remedies, costs and disbursements.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A) Adjudging Defendant liable to Plaintiff for a sum in an amount to be determined at trial but not less than $200,000.

B) Adjudging Defendant liable to Plaintiff for the sum of attorney's fees, interest and other costs assessed in accordance with 29 U.S.C. § 1132(g)(1).

C) Adjudging Defendant liable to Plaintiff for penalties pursuant to 29 U.S.C. §1132(c), costs, attorney's fees, statutory remedies, and disbursements.

D) Grant the plaintiff an order requiring the defendant to make her whole by awarding her the benefits due to her as a Director under the Defendants' severance pay plan.

E) Awarding Plaintiff such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated:          Syosset, New York
                June 6, 2005

                                        By: _Alan B. Pearl_
                                            Alan B. Pearl (AP 2409)

                                        Alan B. Pearl and Associates, Inc.
                                        *Attorneys for Plaintiff*
                                        6800 Jericho Turnpike, Suite 218(E)
                                        Syosset, New York 11791
                                        (516) 921-6645

To:          RBC Financial Group
             One Liberty Plaza
             165 Broadway
             New York, NY 10006-1404

             Royal Bank of Canada
             One Liberty Plaza
             165 Broadway
             New York, NY 10006-1404

RBC Capital Markets Corporation
One Liberty Plaza
165 Broadway
New York, NY 10006-1404

Entities administering a severance plan for RBC Financial Group, Royal Bank of
Canada,  and RBC Capital Markets Corporation
One Liberty Plaza
165 Broadway
New York, NY 10006-1404

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 370
New York, NY 10007-1312